**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WILLIE DUNBAR, a/k/a Doug, a/k/a
Dougie, a/k/a Dougie Fresh,
Defendant-Appellant.

No. 96-4198

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-94-723)

Submitted: October 17, 1996

Decided: October 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. John Michael Barton, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Dunbar pled guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). The district court sentenced Dunbar to serve 135 months in prison to be followed by five years of supervised release and to pay a special assessment fee of $50. He appeals his conviction and sentence. Dunbar's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Dunbar was informed of his right to file a pro se supplemental brief, but he has failed to do so. We affirm.

Dunbar first challenges the district court's compliance with the requirements outlined in Rule 11 of the Federal Rules of Criminal Procedure when taking Dunbar's plea. We have reviewed the entire record and conclude that the district court fully complied with all the mandates of Rule 11.

Dunbar also contends that the district court erred in applying a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1).* Although Dunbar initially objected to this enhancement, he withdrew the objection at the sentencing hearing. Our review, therefore, is only for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993). A defendant "possesses" a firearm for purposes of § 2D1.1(b)(1) if the weapon was merely "present," unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. § 2D1.1, comment. (n.3). The district court did not plainly err in applying the enhancement because, according to the presentence report, eyewitnesses saw Dunbar with a firearm during the drug transactions involved in the conspiracy.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

In accordance with <u>Anders</u>, we have reviewed the entire record and find no meritorious issues for appeal. We therefore affirm Dunbar's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>